21-6066
Traore v. Garland

BIA
Wright, IJ
A205 817 313

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-three.

PRESENT:
      REENA RAGGI,
      RICHARD C. WESLEY,
      BETH ROBINSON,
           *Circuit Judges.*
_____

DRISSA SOULEYMANE TRAORE,
      *Petitioner*,

      v.                                        **21-6066**
                                                NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
      *Respondent.*
_____

**FOR PETITIONER:** Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Holly M. Smith, Assistant Director; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Drissa Souleymane Traore, a native and citizen of Mali, seeks review of a January 13, 2021, decision of the BIA affirming an October 19, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Drissa Souleymane Traore*, No. A205 817 313 (B.I.A. Jan. 13, 2021), *aff'g* No. A205 817 313 (Immig. Ct. N.Y. City Oct. 19, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review factual findings for substantial evidence and questions of law de novo. *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). "[T]he administrative findings of fact are conclusive unless

any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish a well-founded fear of future persecution, "the applicant [must] present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(2). A "fear may be well-founded even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). An applicant can satisfy his burden with evidence that "he . . . would be singled out individually for persecution" or evidence of "a pattern or practice" of persecution of "similarly situated" individuals within the home country. 8 C.F.R § 1208.13(b)(2)(iii).

Traore, who came to the United States in 2008, asserted a fear of future persecution from the Malian military and from terrorist groups. He alleged that he opposed a 2012 military coup and that his uncle, who was a member of the military at the time, had been killed because he also opposed the coup. Traore alleged that he would be targeted because of his own opposition and because he

3

would investigate his uncle's death. He also asserted that he was opposed to terrorism, and that terrorist groups had targeted his cousin, a doctor, and forced him to treat only Muslims.

The agency did not err in concluding that Traore failed to demonstrate a well-founded fear of future persecution by either the Malian government or terrorists. Traore was in the United States at the time of the coup, is therefore not similarly situated to his uncle, who was a member of the military at the time of the coup and opposed it. *See* 8 C.F.R § 1208.13(b)(2)(iii). Traore did not explain what he would do to inquire into his uncle's death, nor did he present evidence either that anyone would have an interest in harming him if he did inquire, or that anyone has been harmed for inquiring into the deaths of family members who served in the military. On this record, the IJ reasonably concluded that he did not establish that his fear was more than "speculative." *Jian Xing Huang*, 421 F.3d at 129.

Similarly, Traore did not establish that his political opinions would subject him to persecution in Mali. He testified that he was politically outspoken in Mali before he left in 2008, but conceded that he suffered no past harm on that basis and had not been politically active in the United States. Moreover, country conditions

4

evidence reflects that the leader of the 2012 coup was arrested, that civilian control of the military has been partially restored, and does not reflect the persecution of individuals opposed to the coup. Therefore, Traore did not meet his burden of establishing a well-founded fear of persecution on account of his political opinion. *See Jian Xing Huang*, 421 F.3d at 129; *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

The IJ also reasonably concluded that Traore failed to demonstrate a well-founded fear of future persecution from terrorist groups in Mali. Traore is not similarly situated to his cousin because he is not a doctor, he is not from northern Mali, and he did not express an intent to live in northern Mali; accordingly, he failed to produce evidence he would be singled out as his cousin was. *See* 8 C.F.R § 1208.13(b)(2)(iii). Further, the record does not reflect terrorist activity in Bamako, where Traore lived, nor does it reflect persecution of members of the Senufo ethnic group or of those who are perceived as being insufficiently Muslim. The evidence did not reflect that he would be singled out or that there is a pattern or practice of persecution of similarly-situated people. *See Jian Xing*

5

*Huang*, 421 F.3d at 129; *see also Jian Hui Shao*, 546 F.3d at 157–58.

The agency's determination that Traore failed to establish a well-founded fear of future persecution is also dispositive of withholding of removal and CAT relief, which require a greater likelihood of persecution or torture. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court